**XINQING SUN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14–71552.**

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed May 2, 2016.

Xinqing Sun, San Gabriel, CA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Tarigo, Esquire, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

Matthew Albert Connelly, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Xinqing Sun, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083–84 (9th Cir.2011). We deny the petition for review.

The BIA affirmed the IJ's alternative determination that Sun failed to meet his burden of proof because, despite having notice and an opportunity to respond to the IJ's request for corroborative evidence, Sun did not provide the requested evidence or a persuasive explanation for his failure to do so. The record does not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

compel reversal of the BIA's conclusion. *See id.* at 1094. Thus, we deny the petition for review as to Sun's asylum and withholding of removal claims. *See id.*

Further, substantial evidence supports the denial of Sun's CAT claim because he did not establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder,* 589 F.3d 1040, 1047 (9th Cir.2009).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.